888 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen L. FLEETWOOD, Ricky J. Murphy, Plaintiffs-Appellants,
v.
William J. CAPRATHE, Circuit Court Judge, Raymond G. Toombs,
Warden, Richard Dresser, Assistant Prosecutor, Raymond
Cotton, R.N., Douglas Green, Officer, Pete Vidor, Deputy
Warden, Carmen D. Palmer, David King, Travis Jones, Warden,
Defendants-Appellees.
 No. 89-1371.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 These pro se Michigan prisoners appeal the district court's judgment dismissing their civil rights complaint as frivolous under 28 U.S.C. Sec. 1915(d). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 In a complaint filed under 42 U.S.C. Sec. 1983, Allen L. Fleetwood using the name of Allen J. Hyena and Ricky J. Murphy using the name of Smart A. Bearcat alleged that defendants, a state court judge, a prosecutor, and various prison officials have deprived them of miscellaneous rights. They alleged that Judge Caprathe accepted a bribe to sentence Bearcat to two terms of ten to fifteen years imprisonment; that Richard Dresser, a prosecutor, was seen paying off a judge and jury; that a nurse, Raymond Cotton, rendered inadequate medical care to Hyena when it was obvious he was bleeding and hurt; that Douglas Green confiscated two parts of a transcript belonging to Bearcat with the intent to deprive him of proper access to the courts; that Pete Vidor, Carmen D. Palmer, and Raymond G. Toombs are doing nothing about the confiscation and are in fact evading the issue; that Travis Jones and David King have not allowed Hyena to have hardback religious books; that Jones knows the plaintiffs have no sitting or writing surfaces within their cells; that King places the plaintiffs on smoking restrictions for long periods of time; and that Jones is aware that the vents are blowing extremely cold air into their cells. Hyena and Bearcat requested monetary relief and sued the defendants in their individual and official capacities.
 
 
 3
 The district court dismissed the claims against the judge and prosecutor on grounds of immunity. The district court determined that the remaining allegations did not state claims under Sec. 1983 and dismissed the complaint.
 
 
 4
 Upon review we conclude the district court properly dismissed plaintiffs' suit as frivolous in all respects except as to Hyena's claim of inadequate medical attention brought against Cotton and as to Bearcat's claim of confiscation of his transcript brought against Green, Vidor, Palmer and Toombs. Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989). We make no comment however as to whether they may be subject to dismissal upon further development of the record.
 
 
 5
 Accordingly, we hereby affirm the dismissal of plaintiffs' suit as brought against Judge Caprathe and Dresser, as they are immune from suit, and as brought against Jones and King as the claims asserted against them are frivolous within the meaning of Neitzke. Rule 9(b)(5), Rules of the Sixth Circuit. As for the two claims brought against Cotton, Green, Vidor, Palmer and Toombs, however, the judgment is hereby vacated and the case remanded for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.